**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

## I.(a) PLAINTIFFS
Mary Smith and Jimmy Smith, Plaintiff(s)

## DEFENDANTS
SuperValu, Inc. and ACME Markets, Inc., Defendant(s)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Burlington County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hennepin County, MN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C)** ATTORNEY'S (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Adam D. Wilf, Esquire
Lundy Law
1635 Market Street, 19th Floor
Philadelphia, PA  19103
215-567-3000

ATTORNEYS (IF KNOWN)
Marks, O'Neill, O'Brien & Courtney, P.C.
1800 JFK Boulevard, Suite 1900
Philadelphia, PA  19103
Attorney for Defendants

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
FOR DIVERSITY CASES ONLY

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principle Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principle Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
2120  Premises Liability - Slip and Fall (Cause of Action)

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med - Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks & Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Liable & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/ etc... |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employer's Liability | **PERSONAL PROPERTY** | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contact Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Free Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(SEE INSTRUCTIONS)
JUDGE Judge of Related Case
DOCKET NUMBER Docket Number of Related Case

DATE: September 20, 2011
SIGNATURE OF ATTORNEY OF RECORD  E. Chal...

UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARY SMITH AND JIMMY SMITH | : | CIVIL ACTION |
| 89 Brooklawn Drive | : | |
| Wilingboro, NJ  08046 | : | |
| v. | : | NO. |
| SUPERVALU, INC. | : | |
| East View Innovation Center | : | |
| 7075 Flying Cloud Drive | : | |
| Eden Prairie, MN 55344  and | : | |
| | : | |
| ACME MARKETS, INC. | : | |
| 39 Leopard Road | : | |
| Paoli, PA  19301 | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits  ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( X )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.  ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)  ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| September 20, 2011 | | SuperValu, Inc. and ACME Markets, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (215)564-6688 | (215)564-2526 | echalik@mooclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _____89 Brooklawn Drive, Willingboro, NJ 08046_____

Address of Defendant: _____East View Innovation Center, 7075 Flying Cloud Drive, Eden Prairie, MN 55344 and 250 East Parkcenter Blvd., Boise, Idaho 83706___

Place of Accident, Incident or Transaction: 2091 Route 130 North/Levitt Parkway, Willingboro, NJ 08046
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes **X**   No ☐

Does this case involve multidistrict litigation possibilities?          Yes ☐   No **X**

## RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No **X**

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. **X** Other Personal Injury (Please specify) Slip & Fall
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Elizabeth A. Chalik, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/20/11          _____          88157
                       Attorney-at-Law                   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/20/11          _____          88157
                       Attorney-at-Law                   Attorney I.D.#

CIV. 609 (4/03)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

MARY SMITH                          :
    And                       :
JIMMY SMITH                         :
      **Plaintiffs,**        :
      vs.                  :     CIVIL ACTION NO.
                           :
SUPERVALU, INC.                     :
    and                       :
ACME MARKETS, INC.                  :
      **Defendants.**        :

## DISCLOSURE STATEMENT FORM

Please check one box:

X      The nongovernmental corporate party, __SuperValu, Inc.__ in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

X      The nongovernmental corporate party, __ACME Markets, Inc.__ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

    __SuperValu, Inc.__

__September 20, 2011__          __/s/Elizabeth A. Chalik__
     Date                           Signature

    Counsel for:  __Defendants, SuperValu, Inc. and ACME Markets, Inc.__

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file Two copies of a disclosure statement that:

    (1)    identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

    (2)    states that there is no such corporation.

(b)    TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

    (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

    (2)    promptly file a supplemental statement if any required information changes.

## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

659-92154

MARY SMITH AND JIMMY SMITH

vs.

SUPERVALU, INC. AND ACME MARKETS, INC.

CIVIL ACTION

NO.

## NOTICE OF FILING NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
## DISTRICT OF PENNSYLVANIA

TO:   Adam D. Wilf, Esquire
      Lundy Law
      1635 Market Street, 19th Floor
      Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that SuperValu, Inc. and ACME Markets, Inc., in the matter of Mary Smith and Jimmy Smith vs. SuperValu, Inc. and ACME Markets, Inc., originally pending in the Court of Common Pleas in the County of Philadelphia, Pennsylvania, under August Term 2011, No. 3430, files in the United States District Court for the Eastern District of Pennsylvania, their Notice of Removal of said cause to the Eastern District of Pennsylvania. A copy of the Notice of Removal is attached hereto and served herewith.

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

By:_____EC7557_____
          Elizabeth A. Chalik, Esquire
          Attorney I.D. No.: 88157
          1800 JFK Boulevard, Suite 1900
          Philadelphia, Pa. 19103
          215-564-6688
          Attorney for Defendants

{PH483585.1}

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

659-92154

MARY SMITH AND JIMMY SMITH

vs.

SUPERVALU, INC. AND ACME MARKETS,
INC.

CIVIL ACTION

NO.

## NOTICE OF FILING NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
## DISTRICT OF PENNSYLVANIA

TO:   Adam D. Wilf, Esquire
      Lundy Law
      1635 Market Street, 19th Floor
      Philadelphia, PA  19103

**PLEASE TAKE NOTICE** that SuperValu, Inc. and ACME Markets, Inc., in the matter

of Mary Smith and Jimmy Smith vs. SuperValu, Inc. and ACME Markets, Inc., originally

pending in the Court of Common Pleas in the County of Philadelphia, Pennsylvania, under

August Term 2011, No. 3430, files in the United States District Court for the Eastern District of

Pennsylvania, their Notice of Removal of said cause to the Eastern District of Pennsylvania.  A

copy of the Notice of Removal is attached hereto and served herewith.

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

By:_____EC7557_____
Elizabeth A. Chalik, Esquire
Attorney I.D. No.: 88157
1800 JFK Boulevard, Suite 1900
Philadelphia, Pa. 19103
215-564-6688
Attorney for Defendants

{PH483585.1}

## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

659-92154

| | |
|---|---|
| MARY SMITH AND JIMMY SMITH | CIVIL ACTION |
| vs. | |
| SUPERVALU, INC. AND ACME MARKETS, INC. | NO. |

## NOTICE OF REMOVAL

AND NOW, Defendants, SuperValu, Inc. and ACME Markets, Inc., by and through their attorneys, MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C., hereby remove the above-captioned case to this Honorable Court and provide notice of same to counsel representing the Plaintiffs.  In support of the removal, the Defendants aver as follows:

1.     This is an action filed and now pending in the Philadelphia Court of Common Pleas, August Term, 2011, No. 3430.

2.     A copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

3.     This action was instituted by complaint in the Court of Common Pleas of Philadelphia County on or about August 23, 2011 by Plaintiffs filing a complaint at the above court term and number.

4.     Plaintiffs' Complaint was served on SuperValu, Inc. on September 1, 2011 via certified mail.

5.     This Notice of Removal is being filed within thirty (30) days after receipt by the Defendants of the initial pleading setting forth the claim for relief upon which this action is based in accordance with 28 U.S.C. §1446(b).

6.     This is a civil suit and involves controversy between citizens of different states. Plaintiffs, upon information and belief, at the time of the commencement of the above action were citizens of the State of New Jersey.

7.     As alleged in Plaintiffs' Complaint, Defendant, SuperValu, Inc., is in fact a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota.

8.     Plaintiffs' Complaint alleges that Defendant, ACME Markets, Inc. is a Delaware Corporation with its headquarters located in Paoli, Pennsylvania.  Although ACME Markets, Inc. is a Delaware Corporation, its principal place of business is not located in Paoli, Pennsylvania. On the contrary, ACME Markets, Inc. maintains its principal place of business in Boise, Idaho.

9.     As averred in Plaintiffs' Complaint, the damages claimed by Plaintiffs are in excess of $50,000.00.

10.     Defendants allege and aver upon information and belief that the amount in controversy is in excess $75,000.00, exclusive of interests and costs.  Further, Plaintiffs' counsel specifically advised defense counsel that the amount in controversy did in fact exceed $75,000.00 and would not agree to execute a Stipulation limiting Plaintiffs' damages to $75,000.00 to avoid removal to Federal Court.

11.     The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code Section 1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and is accordingly one which may be

{PH483585.1}

removed to this Honorable Court by Notice pursuant to Title 28, United States Code, Section 1441.

12.     Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 United States Code, Section 1446(d).

13.     Copies of all process, pleadings and order served upon defendant as of the time of this removal are attached hereto in accordance with 28 United States Code, Section 1446(a).

14.     Defendants have contemporaneously with the filing of this Notice of Removal given written notice to Plaintiffs' counsel.

**WHEREFORE**, Defendants respectfully request that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

By:___EC7557_____
            Elizabeth A. Chalik, Esquire
            Attorney I.D. No.: 88157
            1800 JFK Boulevard, Suite 1900
            Philadelphia, Pa. 19103
            215-564-6688
            Attorney for Defendants

{PH483585.1}

## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

659-92154

| | |
|---|---|
| MARY SMITH AND JIMMY SMITH | CIVIL ACTION |
| vs. | |
| SUPERVALU, INC. AND ACME MARKETS, INC. | NO. |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 20th day of September , **2011**, a true and correct copy of

the Defendants' Notice to Remove was served on all parties of record by first class mail, postage

prepaid.

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

By:   EC7557
       Elizabeth A. Chalik, Esquire
       Attorney for Defendants
       1800 JFK Boulevard, Suite 1900
       Philadelphia, Pa. 19103
       215-564-6688

{PH483585.1}

COMMONWEALTH OF PENNSYLVANIA     :     SS
                                  :

COUNTY OF PHILADELPHIA             :

## **AFFIDAVIT**

     Elizabeth A. Chalik, Esquire being duly sworn according to law deposes and says that the facts set forth in the foregoing Notice of Removal are true and correct to the best of her knowledge, information and belief.

 

                                     _____
                                     Elizabeth A. Chalik, Esquire

Sworn to and Subscribed
before me this 20 day   of
SePtember , 2011.

_____
Notary Public

NOTARIAL SEAL
STEVEN M. ROSE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 4, 2011

{PH483585.1}

**EXHIBIT A**

LUNDY LAW
BY: ADAM D. WILF, ESQUIRE
IDENTIFICATION NO. 78221
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA. 19103-2297
215-567-3000
awilf@lundylaw.com

ATTORNEY FOR PLAINTIFF
*Filed and Attested by*
*PROTHONOTARY*
*S. GARRETT*

ASSESSMENT OF DAMAGES HEARING:

[ x ] IS   [ ] IS NOT   REQUIRED
[ x ] Jury   [ ] Non-Jury   [ ] Arbitration

Mary Smith
89 Brooklawn Drive
Willingboro, NJ 08046

Jimmy Smith
89 Brooklawn Drive
Willingboro, NJ 08046

                          Plaintiff(s)

v.

SUPERVALU, INC.
East View Innovation Center
7075 Flying Cloud Drive
Eden Prairie, MN 55344

    (See Additional Defendants Attached)

                  Defendant(s)

*COURT OF COMMON PLEAS*

*PHILADELPHIA COUNTY*

Trial Division

TERM

No

NOTICE TO DEFEND
PL 2S

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **LAWYER REFERRAL SERVICE**<br>1 Reading Center<br>Philadelphia, PA 19107<br>215-238-1701 | **LAWYER REFERRAL SERVICE**<br>1 Reading Center<br>Philadelphia, PA 19107<br>215-238-1701 |

{00775911:1; 262440; MCH; MCH;}

Case ID: 110803430

**Additional Defendants:**

ACME Markets
39 Leopard Road
Paoli, PA 19301

Case ID: 110803430

LUNDY LAW
BY:  ADAM D. WILF, ESQUIRE           ATTORNEY FOR PLAINTIFFS
IDENTIFICATION NO.:  78221
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA  19103-2297
(215) 567-3000
awilf@lundylaw.com

| | |
|---|---|
| Mary Smith<br>89 Brooklawn Drive<br>Willingboro, NJ  08046<br><br>and<br><br>Jimmy Smith<br>89 Brooklawn Drive<br>Willingboro, NJ  08046<br><br>                    Plaintiffs<br><br>v.<br><br>SUPERVALU, INC.<br>East View Innovation Center<br>7075 Flying Cloud Drive<br>Eden Prairie, MN 55344<br><br>and<br><br>ACME Markets, Inc.<br>39 Leopard Road<br>Paoli, PA 19301<br><br>                  Defendants | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br><br>NO. _____ |

## COMPLAINT

1.     Plaintiffs, Mary Smith and Jimmy Smith, are wife and husband who reside at the

address noted in the caption.

2.     Defendant Supervalu, Inc. is a Delaware Corporation with its headquarters located

at the address noted in the caption.

{00767747:1; 262440; MCH; MCH;}

Case ID: 110803430

3.    Defendant, ACME Markets, Inc. (herein after "ACME"), is a Delaware Corporation with its headquarters located at the address noted in the caption and a place of business at 2091 Route 130 North/Levitt Parkway Willingboro, NJ 08046.

4.    At all times relevant hereto, defendants, Supervalu, Inc. and ACME, owned, operated, leased, maintained, managed, supervised, possessed and controlled the premises located at 2091 Route 130 North/Levitt Parkway , Willingboro, NJ 08046.

5.    At all relevant times ACME is owned, managed and/or controlled by defendant Supervalu.

6.    At all relevant times ACME and/or Supervalu regular conduct business in Philadelphia, Pennsylvania.

7.    At all times relevant hereto, there was a dangerous and/or hazardous condition in the nature of liquid at or near aisle 2 on the premises of defendant, ACME's store located at 2091 Route 130 North/Levitt Parkway, Willingboro, NJ 08046.

8.    At all times relevant hereto, defendants, Supervalu, Inc. and ACME were enshrined with the duty to clear the liquid from the floor on the premises located at 2091 Route 130 North/Levitt Parkway, Willingboro, NJ 08046.

9.    At all times material hereto, defendants, Supervalu, Inc. and ACME, acted and/or failed to act by and through its respective agents, servants, workmen and/or employees.

10.    On, October 10, 2009, at approximately 4:00 PM, plaintiff, Mary Smith, was a business invitee of defendant, ACME's premises located at 2091 Route 130 North/Levitt Parkway, Willingboro, in the Commonwealth of Pennsylvania, when she slipped and fell on liquid at or near aisle 2 and plaintiff, Mary Smith, sustained personal injuries more fully set forth at length below.

## COUNT I

{00767747:1; 262440; MCH; MCH;}

**Plaintiff, Mary Smith v. Defendant, Supervalu, Inc.**

11.    Plaintiffs, Mary Smith and Jimmy Smith incorporate herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

12.    The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of defendant, Supervalu, Inc., by and through its agents, servants, workmen and/or employees and consisted of the following:

      a.    failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on the premises;

      b.    causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which defendant, Supervalu, Inc., knew or should have known caused an unreasonable risk of harm to business invitees;

      c.    failing to properly and adequately maintain and/or clear the premises so as to prevent the dangerous and hazardous condition to exist;

      d.    failing to protect the safety of business invitees as it relates to the above acts of negligence;

      e.    failing to have reasonable inspections of the floor to protect customers from harm;

      f.    causing, allowing and/or permitting slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to business invitees on the subject premises; and

      g.    failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

{00767747:1; 262440; MCH; MCH;}

Case ID: 110803430

13.     As a direct and proximate result of the aforesaid negligence of defendant, Supervalu, Inc., plaintiff, Mary Smith, has suffered severe and permanent injuries to her body which include but are not limited to back, hands and bi-lateral carpel tunnel.  Plaintiff, Mary Smith, suffered internal injuries of an unknown nature, she suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known.  Plaintiff, Mary Smith, sustained an aggravation and/or exacerbation of injuries both known and unknown.  She has in the past and will in the future undergo severe pain and is unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

14.     As a direct and proximate result of the aforesaid negligence of defendant, Supervalu, Inc., plaintiff, Mary Smith, has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

15.     As a direct and proximate result of the aforesaid negligence of defendant, Supervalu, Inc., plaintiff, Mary Smith, has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

16.     As a direct and proximate result of the aforesaid negligence of defendant, Supervalu, Inc., plaintiff, Mary Smith, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

17.     As a direct and proximate result of aforesaid negligence of defendant, Supervalu, Inc., plaintiff, Mary Smith, has suffered loss of wages and earning capacity.

{00767747:1; 262440; MCH; MCH;}

Case ID: 110803430

WHEREFORE, plaintiffs, Mary Smith and Jimmy Smith, demand judgment in their favor both jointly and severally against defendants, Supervalu, Inc. and ACME, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other relief allowed by law.

## COUNT II

### Plaintiff, Mary Smith v. Defendant, ACME Markets

18.    Plaintiffs, Mary Smith and Jimmy Smith incorporate herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

19.    The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of defendant, ACME, by and through its agents, servants, workmen and/or employees and consisted of the following:

   a.    failing to warn and/or adequately warn individuals of said dangerous, defective and hazardous condition on the premises;

   b.    causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which defendant, ACME, knew or should have known caused an unreasonable risk of harm to business invitees;

   c.    failing to properly and adequately maintain and/or clear the premises so as to prevent the dangerous and hazardous condition to exist;

   d.    failing to protect the safety of business invitees as it relates to the above acts of negligence;

   e.    causing, allowing and/or permitting slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to business invitees on the subject

{00767747;1; 262440; MCH; MCH;}

Case ID: 110803430

premises; and

    f.     failing to properly perform its statutory, common law and ordinance duties as it relates to the above acts of negligence.

20.    As a direct and proximate result of the aforesaid negligence of defendant, ACME, plaintiff, Mary Smith, has suffered severe and permanent injuries to her body which include but are not limited to, back, hands, bi-lateral carpel tunnel.  Plaintiff, Mary Smith, suffered internal injuries of an unknown nature, she suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known.  Plaintiff, Mary Smith, sustained an aggravation and/or exacerbation of injuries both known and unknown.  She has in the past and will in the future undergo severe pain and is unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

21.    As a direct and proximate result of the aforesaid negligence of defendant, ACME, plaintiff, Mary Smith, has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

22.    As a direct and proximate result of the aforesaid negligence of defendant, ACME, plaintiff, Mary Smith, has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

23.    As a direct and proximate result of the aforesaid negligence of defendant, ACME, plaintiff, Mary Smith, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

{00767747:1; 262440; MCH; MCH;}

24.    As a direct and proximate result of aforesaid negligence of defendant, ACME, plaintiff, Mary Smith, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiffs, Mary Smith and Jimmy Smith, demand judgment in their favor both jointly and severally against defendants, Supervalu, Inc. and ACME, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees and all other relief allowed by law.

**COUNT III**

**<u>CONSORTIUM CLAIM</u>**

**<u>Plaintiff, Jimmy Smith v. Defendants, Supervalu, Inc. and ACME Markets</u>**

25.    Plaintiffs, Mary Smith and JimmySmith, incorporate by reference the allegations contained in the above paragraphs as though the same were herein set forth fully at length.

26.    Plaintiff, Jimmy Smith, is the husband of plaintiff, Mary Smith, and as such has incurred expenses for the treatment of his wife's injuries and may in the future be caused to incur additional expenses as he has in the past.

27.    As a result of the aforesaid occurrence, plaintiff, Jimmy Smith, has been deprived of the society, companionship, services and assistance of his wife to which he is legally entitled.

WHEREFORE, plaintiffs, Mary Smith and Jimmy Smith, demand judgment in their favor and against defendants, Supervalu, Inc. and ACME, both jointly and severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest and all other relief allowed by law.

LUNDY LAW

Date:   August 23, 2011          BY: _____

Adam D. Wilf, Esquire
Attorney for Plaintiffs

{00767747:1; 262440; MCH; MCH;}

Case ID: 110803430

# **V E R I F I C A T I O N**

I, Adam D. Wilf, Esquire, hereby state that I am the attorney in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that the statements therein are made subject to the penalties of 18 PA. C.S.A. §4904 relating to unsworn falsification to authorities.

Adam D. Wilf, Esquire

Date: 8/23/11

Case ID: 110803430